FILED
2005 Dec-14  AM 11:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ALABAMA
                    MIDDLE DIVISION

DONNIE ARRINGTON,              }
                               }
     Plaintiff,                }
                               }    CIVIL ACTION NO.
v.                             }    04-AR-2274-M
                               }
CHASE JENKINS, et al.,         }
                               }
     Defendants.               }
```

**MEMORANDUM OPINION**

Before this court are the motions for summary judgment of defendants, Chase Jenkins ("Jenkins"), Charles Clifton ("Clifton") and Alex Hudson ("Hudson").  Plaintiff, Donnie Arrington ("Arrington"), alleges false arrest, false imprisonment, malicious prosecution, and conversion against all three defendants.  He also alleges excessive force under 42 U.S.C. § 1983 and assault and battery against Jenkins and Hudson. For the reasons that follow, summary judgment will be denied.

*Analysis*

In its memorandum opinion of May 15, 2005, denying Jenkins' previous motion for summary judgment, this court held as follows:

> Genuine issues of material fact exist precluding an entry of
> summary judgment for Jenkins on the § 1983 excessive force
> claim, or on the state law claims of assault and battery,
> false arrest, false imprisonment, malicious prosecution, and
> conversion.  Viewing the facts in the light most favorable
> to Arrington, the evidence demonstrates that Jenkins
> physically overtook, battered, and arrested Arrington
> without a subjectively or objectively reasonable basis for

      his actions.  There is a genuine issue as to whether Jenkins
      actually thought Arrington's camera was a gun with a laser
      sight.  Jenkins and his fellow officers testify that they
      believed the camera was a gun, but an equally plausible
      explanation, also supported by the evidence, is that Jenkins
      and the other officers were angered by Arrington's lawful
      return to the general area of the search and by his taking
      pictures, and decided to do something about it.  Jenkins
      cannot be heard to argue that anger alone constitutes a
      reasonable basis for an arrest or for an accompanying use of
      force.  Jenkins' argument that he is due peace officer
      immunity under Alabama law is not viable under summary
      judgment because, based on the evidence, a jury could
      conclude that Jenkins acted in a way that abrogates such
      immunity.

Despite additional discovery and briefing, these genuine issues of fact persist today.  Their existence is material to the claims against Hudson and Clifton as well as to the claims against Jenkins.

    The only substantial argument added by Hudson and Clifton is the qualified immunity defense to Arrington's § 1983 claim. Under the qualified immunity doctrine, "governmental officials performing discretionary function[s] generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  With respect to Fourth Amendment qualified immunity claims, a law is "clearly established" if a "reasonably well-trained officer" with a "reasonable knowledge of what the law prohibits" would know that the law prohibits the conduct in question.  *Malley v. Briggs*, 475 U.S. 335 (1986).  Whether a use of force is excessive under the

Fourth Amendment "must be judged on a case-by-case basis 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Post v. City of Ft. Lauderdale*, 7 F.3d 1552, 1559 (11th Cir. 1993) (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 1872 (1989)), *modified*, 14 F.3d 583 (11th Cir. 1994).

The facts in this case, when taken in the light most favorable to Arrington, support a finding that Arrington was arrested using excessive force and without probable cause. Any reasonably knowledgeable police officer knows that an arrest made under these circumstances is prohibited by the Fourth Amendment. In particular, a jury could find that no reasonable officer on the scene could have concluded that the camera was a gun and, thus, that Hudson and Clifton are not entitled to qualified immunity.

*Conclusion*

For the foregoing reasons, the motions for summary judgment will be denied by separate order.

DONE this 14th day of December, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE